IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNON ZOLLER and ALEXANDER BEIGELMAN, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>UBS SECURITIES LLC, UBS FINANCIAL SERVICES INC., and UBS AMERICAS INC.,<br><br>　　　　Defendants. | Case No. 16 C 11277 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Shannon Zoller and Alexander Beigelman are former employees of UBS Securities LLC, UBS Financial Services Inc., and / or UBS Americas Inc. (collectively UBS). Zoller and Beigelman brought a putative class action against UBS, alleging that the company unlawfully fired employees before it had to pay out their promised bonuses. UBS moved to compel arbitration, and the Court has ordered the plaintiffs to show cause why the motion should not be granted.

## Background

The Court assumes familiarity with its prior written ruling in which it denied the defendants' motions to compel arbitration of Zoller's claims and to dismiss Beigelman's claims for improper venue. *See Zoller v. UBS Securities LLC*, No. 16 C 11277, 2018 WL 1378340 (N.D. Ill. Mar. 19, 2018). UBS appealed that decision to the Seventh Circuit. While UBS's appeal was pending, the Supreme Court decided *Epic Systems*

*Corp. v. Lewis*, 138 S. Ct. 1612 (2018), in which it reversed the Seventh Circuit's holding that section 7 of the National Labor Relations Act rendered unenforceable an arbitration provision that barred employees from bringing class, collective, or representative proceedings. *See Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016). In light of the Supreme Court's decision, the Seventh Circuit panel reviewing UBS's appeal vacated this Court's ruling and remanded the case for further proceedings. *See* dkt. no. 62.

The Court has ordered the plaintiffs to show cause why the Court should not grant the defendants' motion to compel arbitration. For the reasons stated below, the Court concludes that the plaintiffs have not shown cause and grants UBS's motion to compel arbitration.

## Discussion

The plaintiffs do not dispute that their claims fall within the scope of their arbitration agreements or that those agreements are enforceable under *Epic Systems*. Instead, they contend that the arbitration organization—the Financial Industry Regulatory Authority (FINRA)—is not a suitable forum because it does not permit the effective vindication of their rights. They also argue that UBS is judicially estopped from moving to compel arbitration of Beigelman's claim under the Age Discrimination in Employment Act (ADEA).

**A.    Suitability of the arbitral forum**

The plaintiffs contend that FINRA arbitration is not a suitable forum in which to bring their claims. They make three arguments: first, that FINRA lacks appropriate standards for hiring and training its arbitrators; second, that it lacks a system for

2

ensuring that the arbitral panel receives the parties' filings; and third, that FINRA's arbitrator pool and selection process leads to systemic bias.

UBS argues that the plaintiffs have waived these arguments by failing to raise them in their original response to the motion to compel arbitration. UBS perhaps means to argue that these arguments are forfeited rather than waived. "The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. '[F]orfeiture is the failure to make the timely assertion of a right[;] wavier is the intentional relinquishment or abandonment of a known right.'" *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 n.1 (2017) (alterations in original) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

Regardless of whether UBS's argument is construed in terms of forfeiture or waiver, however, the Court concludes that the plaintiffs' failure to raise these suitability arguments in response to the motion to compel precludes the plaintiffs from making them for the first time now. The plaintiffs argue that there is no waiver or forfeiture because the Supreme Court's decision in *Epic Systems* "altered the applicable legal framework." Pls.' Resp. to Show Cause Order, dkt. no. 64, at 15. They cite *Indiana Bell Telephone Co. v. McCarty*, 362 F.3d 378 (7th Cir. 2004), in which the Seventh Circuit stated that if "the Supreme Court decides a relevant case while litigation is pending . . . omission of an argument based on the Supreme Court's reasoning does not amount to a waiver. . . ." *Id.* at 390 (alterations in original). It is true that *Epic Systems* altered the legal framework of the arbitration agreement, but the plaintiffs' new arguments are not based on the Supreme Court's reasoning in that case. Rather, the plaintiffs rely on cases that predate *Epic Systems*—including *American Express Co. v. Italian Colors*

*Restaurant*, 570 U.S. 228 (2013), and *Jackson v. Payday Financial, LLC*, 764 F.3d 765 (7th Cir. 2014)—for the proposition that the arbitral forum must be adequate to protect the parties' rights. *Epic Systems* therefore did not change the legal framework in any way relevant to the plaintiffs' new arguments.

At most, *Epic Systems* altered the strategic rather than the legal framework of the motion to compel. For example, if *Epic Systems* had already been decided when the plaintiffs submitted their response brief, they might have devoted more pages to raising additional arguments about FINRA's suitability. But even if this may sometimes suffice to avoid forfeiture, it is unconvincing in the particular circumstances of this case. When the plaintiffs submitted their response brief, they were aware that "if the Seventh Circuit's decision [in *Lewis*] is not affirmed, their individual claims will be compelled to arbitration." Pls.' Mot. to Stay, dkt. no. 17 ¶ 4. Perhaps to hedge against that very risk, the plaintiffs did not rest their response entirely on the Seventh Circuit's ruling in *Lewis*, but also argued that FINRA was not a suitable forum because its "outrageous" costs would prevent them from effectively vindicating their rights. Pls.' Resp. to Mot. to Compel Arbitration, dkt. no. 31, at 9–11. The plaintiffs' choice not to make more or different arguments about FINRA's suitability as a forum does not excuse their forfeiture. *See, e.g.*, *Holder v. Ill. Dep't of Corr.*, 751 F.3d 486, 493 (7th Cir. 2014) ("When a party selects among arguments as a matter of strategy, he also waives those arguments he decided not to present.").

The plaintiffs were also aware of the factual basis of their new arguments when they responded to the motion to compel. Their objections to the alleged deficiencies in FINRA's hiring and training procedures, arbitrator selection process, and document filing

4

systems relate to policies and practices that predate the response to the motion. The Court acknowledges that plaintiffs cite anecdotes from Beigelman's arbitration proceedings to support their arguments and that they did not have this evidence when they responded to the motion to compel. *See, e.g.*, Friedman Decl., dkt. no. 64–1 ¶ 8. But these anecdotes are merely additional evidence for arguments that were already available to the plaintiffs based on FINRA's published policies, and the plaintiffs do not contend that they could not have raised these issues before observing Beigelman's arbitration proceedings.

Because the Court concludes that the plaintiffs have forfeited their new arguments concerning FINRA's suitability as an arbitral forum, it need not reach the merits of those arguments.

**B.     Judicial estoppel**

The plaintiffs next argue that UBS is judicially estopped from moving to compel arbitration of Beigelman's ADEA claim. "Judicial estoppel is an equitable doctrine designed 'to protect the integrity of the judicial process' by preventing litigants from 'deliberately changing positions according to the exigencies of the moment.'" *Matthews v. Potter*, 316 F. App'x 518, 522 (7th Cir. 2009) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)). The plaintiffs point to statements by UBS's attorney during the arbitration hearings in which the attorney cited FINRA rule 13201, which provides that both parties must agree to arbitrate claims of employment discrimination. At the hearing, UBS's lawyer stated, "To be clear, there is no agreement, so there is no discrimination claim before the panel." Arbitration Hearing Tr., Pls.' Ex. B., at 767:25–768:3. The plaintiffs argue that by making this argument UBS knowingly chose not to

5

proceed with the arbitration of Beigelman's ADEA claim and that judicial estoppel bars them from reversing their position.

UBS first contends that the plaintiffs forfeited this argument by failing to make it sooner. This contention is unpersuasive. The plaintiffs filed their response to the motion to compel in May 2017, and the two arbitration hearings did not take place until October 2017 and March 2018. The plaintiffs therefore could not have made this argument in their response brief. In response, UBS points out that this Court did not issue its previous written decision on the motion to compel arbitration until shortly after the second arbitration hearing, and it argues that the plaintiffs were required to bring this issue to the Court's attention. Under these circumstances, however, the Court declines to hold that the plaintiffs forfeited this argument by failing to submit an additional filing after briefing on the motion had already concluded.

Although it is not forfeited, however, the plaintiffs' judicial estoppel argument is without merit. The plaintiffs argue that UBS's alleged admissions during arbitration show that it knowingly chose not to arbitrate Beigelman's ADEA claim, but this mischaracterizes the context of UBS's statements. Beigelman himself initiated the arbitration proceeding and elected not to include his ADEA claim in that suit. During the hearings, UBS's attorney emphasized that there was no discrimination claim before the panel and that FINRA's rules would allow that claim only if both parties agreed to arbitrate it. In context, it is apparent that UBS was not selecting one forum over another but rather describing which issues were in the case at that time. It does not follow that in so doing UBS disclaimed its intent to pursue arbitration of a hypothetical ADEA claim that Beigelman had not yet raised. The Court therefore concludes that UBS, in moving

to compel arbitration of all the claims in this case, has not taken "clearly inconsistent" positions that would warrant applying judicial estoppel. *Matthews*, 316 F. App'x at 522.

## Conclusion

For the foregoing reasons, the Court grants the defendants' motion to compel arbitration [dkt. no. 25]. Because the plaintiffs' claims will proceed, if at all, in arbitration, the Court directs the Clerk to administratively terminate the case as a pending case.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 5, 2019